JOHN N. BUNCH, JR., PETITIONER v. NORTH CAROLINA CODE OFFICIALS QUALIFICATIONS BOARD, RESPONDENT

No. 304PA95

(Filed 4 April 1996)

**Building Codes and Regulations § 24 (NCI4th)— building inspector—gross negligence—revocation of certificates**

The Code Officials Qualifications Board had statutory authority to revoke a "standard certificate" and a "limited certificate" issued to a county building inspector where the Board determined that the inspector was guilty of "gross negligence and gross incompetence" in failing to detect plainly visible building code violations in the construction of a house. There is no statutory authority allowing various levels or classes of work, such as building, electrical, mechanical and plumbing, to be referenced as part of the certificates issued, and the Court of Appeals erred in concluding that the Board erred in revoking the building inspector's mechanical and plumbing certificates. N.C.G.S. § 143-151.17(a) and (b).

**Am Jur 2d, Buildings § 10.**

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, 119 N.C. App. 293, 458 S.E.2d 248 (1995), reversing in part and affirming in part an order entered 4 April 1994 by Watts, J., in Superior Court, Chowan County, reversing, vacating and setting aside an order of the North Carolina Code Officials Qualifications Board. Heard in the Supreme Court 13 February 1996.

*No petitioner-appellee's brief filed.*

*Michael F. Easley, Attorney General, by W. Wallace Finlator, Jr., Assistant Attorney General, for respondent-appellant.*

ORR, Justice.

This case arises out of a complaint filed by homeowner Gordon L. Stagaard with the North Carolina Code Officials Qualifications Board ("Board"). Stagaard alleged that Chowan County Building Inspector John Bunch, Jr., violated 11 NCAC 8 .0801(5) by affixing his signature to a report of inspection concerning Stagaard's house located in Edenton, North Carolina, when Bunch had in fact neither made an inspection nor had one made under his direction. Stagaard also alleged that Bunch was "guilty of willful misconduct, gross negligence, or gross incompetence" in failing to detect Uniform Residential Building Code ("Code") violations in the construction of the Stagaard house and thereby violated 11 NCAC 8 .0801(6).

The complaint to the Board led to an on-site investigation being performed by a certified Code-enforcement official of the engineering division of the North Carolina Department of Insurance. The official determined that numerous violations were plainly visible and should have been discovered by an inspector exercising ordinary care and prudence. Following a hearing on 20 October 1992, the Board issued an order on 16 November 1992, stating that Bunch's failure to discover the Code violations constituted "gross negligence and gross incompetence." N.C.G.S. § 143-151.17 provides:

> (a) The Board shall have the power to suspend, revoke or refuse to grant any certificate issued under the provisions of this Article to any person who:
>
> > (5) Has affixed his signature to a report of inspection or other instrument of service if no inspection has been made by him or under his immediate and responsible direction; or,
> >
> > (6) Has been guilty of willful misconduct, gross negligence or gross incompetence.

N.C.G.S. § 143-151.17(a)(5)-(6) (1993). Following that authority, the Board revoked "all Building, Electrical, Mechanical, and Plumbing Standard, Probationary, and Limited Inspection Certificates issued to John N. Bunch, Jr." On 24 November 1992, the Board issued an amended order incorporating the 16 November 1992 order by reference and correcting a finding of fact which erroneously denoted the Chowan County Inspection Department as being the Cleveland County Inspection Department.

**BUNCH v. N.C. CODE OFFICIALS QUALIFICATIONS BOARD**

[343 N.C. 97 (1996)]

On 1 December 1992, Bunch filed a petition in Superior Court, Chowan County, for judicial review of the Board's order. The matter was heard before Judge Thomas S. Watts at the 11 October 1993 Civil Session of Superior Court, Chowan County and on 5 April 1994, Judge Watts entered an order reversing, vacating, and setting aside the Board's 16 November 1992 order as amended. On 2 May 1994, the Board gave notice of appeal to the North Carolina Court of Appeals.

On 20 June 1995, the Court of Appeals held *inter alia* that although evidence of Bunch's gross negligence and gross incompetence rendered the revocation of Bunch's building and electrical certificates proper, the Board lacked evidence to support its findings and conclusions pertaining to the revocation of Bunch's mechanical and plumbing certificates. *Bunch v. N.C. Code Off'ls Qualifications Bd.*, 119 N.C. App. 293, 458 S.E.2d 248 (1995).

The sole issue thus presented is whether the Court of Appeals erred in concluding that the Board erred in revoking Bunch's mechanical and plumbing certificates. While the Court of Appeals, the trial judge, and the Board all frame the issue in this case in terms of specific certificates—that is, building, electrical, mechanical, and plumbing—we find no statutory basis for such distinctions. N.C.G.S. § 143-151.13 sets forth only three types of certificates to be issued:

> No person may engage in Code enforcement pursuant to this Article unless he possesses one of the following types of certificates, currently valid, issued by the Board attesting to his qualifications to hold such position: (i) a standard certificate, (ii) a limited certificate provided for in subsection (c); or (iii) a probationary certificate provided for in subsection (d). To obtain a standard certificate, a person must pass an examination, as prescribed by the Board, which is based on the North Carolina State Building Code and administrative procedures required to enforce the Code. The Board shall issue a standard certificate of qualification to each person who successfully completes the examination authorizing the person named therein to practice as a qualified Code-enforcement official in North Carolina. The certificate of qualification shall bear the signatures of the chairman and secretary of the Board.

N.C.G.S. § 143-151.13(a) (1991).

We note, however, that N.C.G.S. § 143-151.13(b) does require the Board to "establish appropriate performance levels, including desig-

nation of territory and type and size of buildings and structures, and classes of qualified Code-enforcement officials." Although the record fails to disclose any information pertaining to performance levels or classes referenced in N.C.G.S. § 143-151.13(b) and contains no copies of any specific certificates(s) held by Bunch, we conclude that our decision can be reached without such additional information. A "Preliminary Investigation Report" submitted as an exhibit provided that "[i]n April, 1987, [Bunch] was issued the following Standard Inspection certificates: Level I Building, Mechanical, and Plumbing. He was issued a Limited Inspection · Certificate valid for building, electrical, mechanical, and plumbing inspections. The Limited Certificate is valid for inspections of any size buildings."

Bunch was issued "a standard certificate" and "a limited certificate" allowing him to "practice as a qualified Code-enforcement official in North Carolina" pursuant to statutory authority. N.C.G.S. § 143-151.17(b) allows "[t]he Board [to] suspend or revoke the certification of any qualified Code-enforcement official . . . whom it finds to have been guilty of one or more of the actions set out in subsection (a) as grounds for disciplinary action."

The Board, having determined that Bunch was guilty of "gross negligence and gross incompetence," was completely within its statutory authority to revoke the "standard certificate" and "limited certificate" issued to him. To the extent that various levels or classes of work such as building, electrical, mechanical, and plumbing are referenced as part of the certificates issued, we find no statutory authority to allow the revocation of separate selected certificates dealing with those specific levels or classes of work.

The "standard certificate" and the "limited certificate" issued to Bunch are all that the statute authorizes to be issued and thus all that are subject to revocation. Therefore, we conclude that the Court of Appeals erred in its decision to the extent that it concluded that the Board erred in revoking Bunch's mechanical and plumbing certificates.

This case is remanded to the Court of Appeals for further remand to the Superior Court for reinstatement of the Board's order revoking Bunch's certificates authorizing him to serve as a North Carolina Code-enforcement official.

AFFIRMED IN PART, REVERSED IN PART, REMANDED.